(58 Misc. Rep. 310.)

### GILLESPIE v. ARMSTRONG.

(City Court of New York, Special Term. March 13, 1908.)

JUDGMENTS—COLLATERAL ATTACK.

The Municipal Court having, under Municipal Court Act, Laws 1902, p. 1488, c. 580, § 1, subd. 6, no jurisdiction of an action on a judgment of the City Court, a court of record, the default judgment thereon is void, and may be attacked collaterally by motion to vacate the order for examination of the judgment creditor in proceedings supplementary to the last judgment.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 924.]

Action by Marion E. Gillespie against David W. Armstrong. Defendant moves to vacate an order in supplementary proceedings. Motion granted.

Morton Stein, for plaintiff.

Wm. J. Dawley, for defendant.

FINELITE, J. This is a motion to vacate the order for the examination of the judgment debtor in supplementary proceedings on the ground that the court in which the judgment was rendered had no jurisdiction of the cause of action. A judgment had been obtained in this court (City Court), upon which judgment an action was brought in the Municipal Court of the city of New York which resulted in a judgment in favor of the plaintiff. Plaintiff then obtained an order for the examination of the defendant and judgment debtor in proceedings supplementary to said last mentioned judgment. Said judgment debtor now moves to vacate said order for the reason stated.

The cases cited by the judgment creditor are not authorities upon the question involved in this motion. In Brown v. Nichols, 42 N. Y. 26, a judgment had been recovered against a defendant who had not been served with process, but for whom an attorney had appeared without authority. It was there held that the judgment could not be attacked collaterally for want of jurisdiction, as the appearance by the attorney (an officer of the court) will be presumed to the extent, at least, of giving validity to the proceedings. The case of Diossy v. West, 8 Daly, 298, which the judgment creditor cites as being in point, is distinguishable, as the question of jurisdiction raised there was that the defendant and judgment debtor had not been served in the original action. This objection was waived by his appearance in filing a verified answer, affidavit of merits, and by appearing as a witness upon the trial. In Ferguson v. Crawford, 70 N. Y. 253, at page 263, 26 Am. Rep. 589, the court says:

"In Bigelow v. Stearns, 19 Johns. 41, 10 Am. Dec. 189, Spencer, C. J., laid down the broad rule that if a court, whether of limited jurisdiction or not, undertakes to hold cognizance of a cause without having gained jurisdiction of the person by having him before them in the manner required by law, the proceedings are void. In Latham v. Edgerton, 9 Cow. 227, Sutherland, J., in regard to a judgment of a Court of Common Pleas, says: The principle that a record cannot be impeached by pleading is not applicable to a case like this. The want of jurisdiction is a matter that may always be set up against a judgment when sought to be enforced or any benefit is claimed under it."

Citing Mills v. Martin, 19 Johns. 7, he also says (page 229 of 9 Cow.):

"The plaintiff below might have applied to the court to set aside their proceedings; but he was not bound to do so. He had a right to lie by until the judgment was set up against him, and then to show that the proceedings were void for want of jurisdiction."

To the same effect are numerous cases collated in the opinion in Ferguson v. Crawford, supra, on pages 264 to 269 of 70 N. Y. (26 Am. Rep. 589).

The judgment creditor claims the benefit of the judgment recovered in the Municipal Court, and manifestly falls under the ban enunciated in the foregoing decisions. I have examined the record of the Municipal Court in the original action, and from the complaint in said action it appears that said action was brought to recover in that court on a judgment of a court of record. Of such an action the Municipal Court had no jurisdiction. Municipal Court Act, Laws 1902, p. 1488, c. 580, § 1, subd. 6. Said court being one of limited and inferior jurisdiction (section 3, Code Civ. Proc.), it is governed by the rule that the authority of inferior courts must be shown (Chemung Bank v. Judson, 8 N. Y. 254, 260; Ferguson v. Crawford, supra).

The failure of the defendant to appear or otherwise contest the action below did not give said court jurisdiction, as he may rely at all times upon the law to protect him, and his nonappearance and default cannot be construed as a consent to the jurisdiction of said court to render judgment in such an action, as the said judgment therein is absolutely void and may be attacked collaterally. "A court authorized by statute to entertain jurisdiction in a particular case only, if it undertake to exercise the power and jurisdiction conferred in a case to which the statute has no application, acquires no jurisdiction, and its judgment is a nullity, and will be so treated when it comes in question, either directly or collaterally." Risley v. Phenix Bank, 83 N. Y. 318, 337, 38 Am. Rep. 421.

Motion to vacate and set aside the order for the examination of the judgment debtor herein is granted.